# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–13–254

| | |
|---|---|
| | **Opinion Delivered** SEPTEMBER 25, 2013 |
| JAMES WEBB | |
| APPELLANT | |
| | APPEAL FROM THE ARKANSAS |
| V. | WORKERS' COMPENSATION |
| | COMMISSION |
| HOT SPRINGS PACKING COMPANY, | [NO. G110029] |
| INC., and BRIDGEFIELD CASUALTY | |
| INSURANCE CO. | |
| APPELLEES | AFFIRMED |

**BILL H. WALMSLEY, Judge**

Appellant James Webb was injured while working at the plant of appellee Hot Springs Packing Company (HSP) on November 22, 2011. The Workers' Compensation Commission denied appellant benefits upon finding that he was not an employee of HSP. On appeal, appellant argues that he was an employee and not an independent contractor. We affirm.

Appellant was in his fifties and held an associate degree in electronics. He had previously performed subcontracting and consulting work in building maintenance and equipment repair. Appellant also had his own private "fix-it" business called Webb Company. In March 2011, he was contacted by HSP's owner John Stubblefield to repair a meat smoker at HSP's facility. HSP was generally in the business of sausage manufacturing and meat processing.

On March 15, 2011, appellant began repairing the smoker for $60 per hour. After

several days of work, he was paid $2496. Appellant testified that he then had a conversation with Stubblefield regarding the facility and the lack of proper maintenance. Appellant agreed to come in for $200 per day and do various repairs that were needed for the operation of a meat-processing plant. He wanted a long-term arrangement due to economic conditions. Appellant never filled out a job application or any employment paperwork. He did not receive employee training or company benefits.

Appellant's working hours were tailored to HSP's production schedule and the requests of Stubblefield and the plant manager, Frank Cooper. Stubblefield testified that appellant's work depended on what machinery needed to be repaired and because it was a new facility, there were a lot of breakdowns. Appellant was required to sign in and out of the plant on the "Visitors' Register," on which he wrote that he was from the Webb Company. He often arrived close to 7:00 a.m., and from the middle of June worked nearly every Monday, Tuesday, and Wednesday. Appellant claimed that he was usually at the plant for eight hours a day. Appellant met with Cooper every morning to see what needed his attention in order for production to start. Making repairs necessary for production was his main task, but Stubblefield also had a list of equipment he wanted retrofitted when there was time. Appellant used some of his own tools and some tools from HSP's maintenance shop. Stubblefield testified that appellant's job was not nearing completion because HSP needed someone to continue to work on the specialty equipment. Stubblefield said that appellant could have worked elsewhere during this time, but appellant said he did not feel at liberty to do so.

2

Employees of HSP clocked in and were paid by the hour. Appellant, however, prepared invoices using the visitors' register to determine the days he worked. He also billed HSP for parts. He gave the invoices to HSP's officer manager, although he did not do so on a weekly basis. No taxes were withheld from his pay, and he was not issued tax forms by HSP. Appellant's income taxes reflected that he owned his own business, and he claimed a deduction for his mileage to HSP.

The ALJ concluded that appellant had failed to prove by a preponderance of the evidence that he was an employee of HSP. The ALJ deemed relevant the fact that appellant owned his own business performing maintenance and repair of electrical equipment whereas HSP was in the business of meat processing. The ALJ also noted how he was paid and that appellant was a visitor at the plant. The Commission affirmed and adopted the decision of the ALJ. This appeal followed.

In considering this appeal, the question is not whether the evidence would have supported findings contrary to the ones made by the Commission; there may be substantial evidence to support the Commission's decision even though we might have reached a different conclusion if we sat as the trier of fact or heard the case de novo. *Lane v. Joe Harris Trucking*, 2010 Ark. App. 291. The determination of the credibility and weight to be given to testimony is within the sole province of the Commission. *Id.* The Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Id.* We review the evidence and all inferences in the light most favorable to the

3

Commission's findings, and we will affirm if those findings are supported by substantial evidence. *Id*.

There is no fixed formula for determining whether a person is an employee or an independent contractor; thus, the determination must be based on the particular facts of each case. *Lane*, *supra*. An independent contractor is one who contracts to do a job according to his own method and without being subject to the control of the other party, except as to the result of the work. *Id*. The issue of whether one is an employee or an independent contractor is analyzed under two separate tests: (1) the control test; and (2) the relative nature of the work test. *Id*. The control at issue is primarily the control of the means of accomplishing the work. *Id*. Although no one factor of the relationship is determinative, the "right of control" is the principal factor. *Id*.

In *Riddell Flying Service v. Callahan*, 90 Ark. App. 388, 206 S.W.3d 284 (2005), we set out numerous factors that may be considered in determining whether an injured person is an employee or an independent contractor for purposes of workers' compensation coverage. These factors are:

(1) the right to control the means and the method by which the work is done;
(2) the right to terminate the employment without liability;
(3) the method of payment, whether by time, job, piece or other unit of measurement;
(4) the furnishing, or the obligation to furnish, the necessary tools, equipment, and materials;
(5) whether the person employed is engaged in a distinct occupation or business;
(6) the skill required in a particular occupation;
(7) whether the employer is in business;
(8) whether the work is an integral part of the regular business of the employer; and
(9) the length of time for which the person is employed.

*Id*. at 392, 206 S.W.3d at 287–88. The factors pertaining to the nature of the worker's

4

occupation and whether it is a part of the regular business of the employer comprise the "relative nature of the work" test. *Cloverleaf Express v. Fouts*, 91 Ark. App. 4, 207 S.W.3d 576 (2005). In *Cloverleaf*, we said that the test for examining the relationship between the worker's occupation and the regular business of the employer requires consideration of two factors: (1) whether and how much the worker's occupation is a separate calling or profession and (2) what relationship it bears to the regular business of the employer. *Id.* The more the worker's occupation resembles the business of the employer, the more likely the worker is an employee. *Id.*

Appellant argues that HSP exercised significant control over him by directing him when to be at work and what machinery to repair. He claims that his work was an integral part of HSP's business because the repair of electrical equipment was a continuous need of the meat-processing business. Appellant also contends that because he was paid by the day and not the job, he was an employee.

We hold that substantial evidence supports the Commission's decision. Appellant had his own distinct occupation and business, which required his expertise in electrical matters. Stubblefield testified that he was fortunate to find someone with appellant's expertise nearby and that appellant's work at HSP was on a case by case basis depending on what machinery needed repairs. Appellant was not required to attend employee training at HSP. Although Stubblefield controlled the results of appellant's work, it does not appear that he had the right to control the means and methods of his work. Appellant reported his income through his company on his income tax returns. Additionally, he claimed his mileage to and from work

5

as an ordinary business expense. These facts support the conclusion that appellant was an independent contractor. We hold that there is substantial evidence in support of the Commission's finding that appellant failed to prove that he was an employee when he was injured.

Affirmed.

PITTMAN and VAUGHT, JJ., agree.

*Orr Willhite, PLC*, by: *M. Scott Willhite*, for appellant.

*Michael E. Ryburn*, for appellees.